## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRADLEY CLYDE FUDGE,

      Plaintiff,

v.                                            CV No. 20-674 CG

ALAN J. BROWN, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion for Leave to Proceed In Forma Pauperis & Supporting Affidavit*, (Doc. 2), filed July 9, 2020; and Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*, (Doc. 4), filed July 9, 2020.

### 1. Motion to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one

cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

In the Application, Plaintiff provided the following information: (i) Plaintiff's monthly income is $1,932.00; and (ii) Plaintiff's monthly expenses total $2,084.00. (Doc. 2). The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses exceed his monthly income, and the Application is therefore **GRANTED**.

## 2. The Complaint

Plaintiff alleges his civil rights were violated when Defendant Brown, a Magistrate Judge in Sierra County, New Mexico, "re-adjudicated (from Probation) the misdemeanor sentence from 364 days in County Jail to 686 days in State Prison, then a second time, re-adjudicated the sentence to 544 days in prison, denying plaintiff due process, both of which exceed the jurisdiction of this Court of Limited Jurisdiction." (Doc. 4 at 4). Plaintiff alleges that the other "Defendants knew or should have known of the civil rights violations, especially since this was not an isolated incident." *Id.* Plaintiff seeks the following relief: (i) "10 months of lost wages, $18,766.00;" (ii) "Damage and theft due to squatters at my house $150,000.00;" (iii) "$10,000 due to loss of vehicles;" and (iv) "Punitive damages in the amount of $4,000,000." *Id.* at 14-15.

a. <u>Defendant Brown</u>

Plaintiff alleges that Defendant Brown changed Plaintiff's conditions of release and failed to inform the probation department resulting in the probation department requesting revocation of release and Plaintiff's arrest. *See* (Doc. 4 at 6-8). Defendant Brown issued an arrest warrant resulting in Plaintiff's arrest. Plaintiff alleges that during

a hearing, Defendant Brown did not allow Plaintiff to speak thereby denying Plaintiff due process. *See id.* at 6-8. Plaintiff was subsequently held at the Southern New Mexico Correctional Facility ("SNMCF").

The Complaint fails to state a claim against Defendant Brown because "state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). Plaintiff's allegations against Defendant Brown show that his actions were taken in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

     b. <u>Defendant Cruz- Martinez</u>

Defendant Cruz-Martinez is a "Unit Manager" at SNMCF. (Doc. 4 at 8). Plaintiff alleges that he had some questions "about a Habeas Corpus" and that Defendant Cruz-Martinez did not give Plaintiff any helpful information, "no recommendations, only screaming at me, blaming my ignorance completely on me." *Id.* at 8. When Plaintiff "brought evidence of [his] being illegally sentenced and held," Defendant Cruz-Martinez "brushed aside any evidence presented, and told me to speak with my case manager," who "has no power to correct anything." *Id.* at 9. Plaintiff also alleges that Defendant Cruz-Martinez "screamed at me on several occasions," and when another SNMCF employee stated that when Defendant Cruz-Martinez was speaking "about a person falsely imprisoned," Defendant Cruz-Martinez said "F**k him, let him hire an expensive

lawyer." *Id.* at 9. Defendant Cruz-Martinez also allegedly stated "I know about it, we've done all we are going to do" after hearing that Plaintiff was "being held on a misdemeanor," and stated "yeah yeah" after Plaintiff told her that a website showed Plaintiff "as in county jail, not prison." *Id.* at 10. After Plaintiff told Defendant Cruz-Martinez that he "thought the mail-room had lost [his] Power of Attorney," "She said to see my case manager, I explained that he was not in and would not be in that day, what should I do? She said 'SUE THE STATE.'" *Id.* at 10.

The Complaint fails to state a claim against Defendant Cruz-Martinez because it does not explain what specific legal right Plaintiff believes Defendant Cruz-Martinez violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) ("Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States.'") (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

c.  <u>Defendant Peters</u>

Defendant Peters is a "warden" at SNMCF. (Doc. 4 at 10). Plaintiff alleges that he wrote a letter to Defendant Peters regarding Plaintiff "being held on a misdemeanor" and Defendant Cruz-Martinez's actions. *Id.* The letter was returned to Plaintiff "saying I may speak to him during his regular rounds." *Id.* When Plaintiff did speak to Defendant Peters about Defendant Cruz-Martinez, Defendant Peters instructed Plaintiff to write a

grievance. After Plaintiff "explained to him that she was the person that received those grievances, and that I already take abuse from her, that would only make it worse," Defendant Peters "said that it would make it's [sic] way to Santa Fe."

The Complaint fails to state a claim against Defendant Peters because it does not explain what specific legal right Plaintiff believes Defendant Peters violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

    d. <u>Defendant Flores</u>

Defendant Flores is a "Deputy Warden" at SNMCF. (Doc. 4 at 11). Plaintiff alleges that when he was summoned to Defendant Flores' office to receive legal mail, Defendant Flores "shoved [a paper] in front of me that stated I had properly received my mail, and in a commanding voice, told [me] to 'SIGN HERE.'" *Id.* Plaintiff also alleges that: (i) when he complained about a delay in getting paid, Defendant Flores "responded by yelling 'YOU WANT PAID OR NOT!';" (ii) a letter Plaintiff wrote to Defendant Flores was returned to Plaintiff without a reply; and (iii) when Plaintiff filled out "debit memos" for each habeas corpus envelope, Defendant Flores said "This is a prison, not Disney Land." *Id.*

The Complaint fails to state a claim against Defendant Flores because it does not explain what specific legal right Plaintiff believes Defendant Flores violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

e.   Defendant Luna

Plaintiff does not know Defendant Luna's position at SNMCF. (Doc. 4 at 12).

Plaintiff alleges that when he "ask[ed] for copies of 'Verification of Habeas Corpus',

before [Defendant] Jacobo could answer, [Defendant] Luna interjected 'It is against

prison policy'."  *Id.* Plaintiff also alleges that when he "asked again, [Defendant] Luna

insisted that I not be allowed to have copies made, as 'It is against prison policy'." *Id.*

The Complaint fails to state a claim against Defendant Luna because it does not

explain what specific legal right Plaintiff believes Defendant Luna violated. *See Nasious*

*v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158,

1163 (10th Cir. 2007).

f.   Defendant Perez

Defendant Perez is a "Case Manager/Classification Officer" at SNMCF. (Doc. 4

at 12).  Plaintiff alleges that Defendant Perez "accused [Plaintiff] of complaining about"

Defendant Perez. *Id.* On the day that Plaintiff was to be released about 10:00 a.m.,

Plaintiff "was run around, and stalled until a few minutes before 6:00 PM." *Id.* at 13.

When Plaintiff "was complaining about still being held, [Defendant] Perez then stated

very loudly that they could and possibly would hold me until midnight." *Id.*

The Complaint fails to state a claim against Defendant Perez because it does not

explain what specific legal right Plaintiff believes Defendant Perez violated.  *See Nasious*

*v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158,

1163 (10th Cir. 2007).

g.  Defendant Hernandez

Defendant Hernandez is a "Case Manager" at SNMCF. (Doc. 4 at 13). Plaintiff alleges that Defendant Hernandez "confronted" Plaintiff and accused Plaintiff of complaining about Defendant Hernandez. *Id.* Plaintiff also alleges that Defendant Hernandez summoned Plaintiff from his pod, was walking Plaintiff to the release area, and told Plaintiff he "had to walk on the right side [of the passageway], or he would 'write me up,' and I would have to stay." *Id.*

The Complaint fails to state a claim against Defendant Hernandez because it does not explain what specific legal right Plaintiff believes Defendant Hernandez violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

h.  Defendant Jacobo

Defendant Jacobo is a "Case Manager" at SNMCF. (Doc. 4 at 13). One morning Plaintiff went to Defendant Jacobo to get a document notarized and Defendant Jacobo said "Come back after lunch." *Id.* Plaintiff returned after lunch but the Notary did not show up until a couple days later. Plaintiff also alleges that Defendant Jacobo "'lost' my originals of an informal grievance" and "denied me copies of 'Verification of Habeas Corpus', as against prison policy." *Id.* at 14.

The Complaint fails to state a claim against Defendant Jacobo because it does not explain what specific legal right Plaintiff believes Defendant Jacobo violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

i.   <u>Defendant Madrid</u>

Defendant Madrid is the "Statewide Disp./Griev. Appeals Manager." (Doc. 4 at 14). After the "local classifications appeal officer" denied Plaintiff's "Inmate Classification Appeal," Plaintiff sent an appeal to Defendant Madrid who "stated that it must be handled at facility level." *Id.*

The Complaint fails to state a claim against Defendant Madrid because it does not explain what specific legal right Plaintiff believes Defendant Madrid violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### 3.  **Dismissal of Proceedings *In Forma Pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint.

**4. Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails to state a claim. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS THEREFORE ORDERED** that:

(i)     Plaintiff's *Motion for Leave to Proceed In Forma Pauperis & Supporting Affidavit*, (Doc. 2), filed July 9, 2020, is **GRANTED.**

(ii)    Plaintiff may file an amended complaint no later than July 31, 2020. Failure to timely file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE