IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRADLEY CLYDE FUDGE,

      Plaintiff,

v.                                                                   No. CV 20-674 JB/CG

ALAN J. BROWN, et al.,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**THIS MATTER** is before the Court on Plaintiff Bradley Clyde Fudge's *Motion for Default Judgment* (the "Motion"), (Doc. 23), filed February 1, 2021; and Defendants' *Response in Opposition to Plaintiff's Motion for Default Judgment [Doc. 23]* (the "Response"), (Doc. 26), filed February 16, 2021. Mr. Fudge did not file a reply and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response.").

In his Motion, Mr. Fudge argues he is entitled to a default judgment because as of January 29, 2021, he had "not been served an answer to any [of] the Summonses," despite a responsive pleading being due by January 4, 2021. (Doc. 23 at 1). Mr. Fudge explains that as a *pro se* litigant, he requires service either in person or by certified mail. *Id.* Defendants, in turn, argue the Court must deny the Motion as Defendants filed their Answer on January 8, 2021, and served Mr. Fudge via email after obtaining his consent to do so. (Doc. 26 at 2).

Federal Rule of Civil Procedure 55 sets forth a two-step process for securing a default judgment. First, a party must obtain a Clerk's entry of default. Fed. R. Civ. P. 55(a); *see also Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district

court is permitted to issue a default judgment."). Second, the party may either move the Clerk to enter a default judgment if the claim is for a "sum certain" or, "in all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

In considering whether to grant a motion for default judgment, a court should look to whether each party against a default judgment is sought has been properly served in accordance with the Federal Rules of Civil Procedure, and subsequently failed to answer, defend, or otherwise appear in the case within the time provided by the Rules. *See* Fed. R. Civ. P. 55. Courts agree that default judgments are a "harsh sanction" and are not generally used "purely as a penalty for delays in filing or other procedural error." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

Here, although Mr. Fudge has *requested* a Clerk's entry of default, (Doc. 27); (Doc. 28); (Doc. 29), Mr. Fudge has failed to *obtain* a Clerk's entry of default before moving for a default judgment. Fed. R. Civ. P. 55(a); *see also Watkins*, 551 F. App'x at 958. The Court will therefore **DENY** Mr. Fudge's Motion.

**IT IS THEREFORE ORDERED** that Mr. Fudge's *Motion for Default Judgment,* (Doc. 23), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Mr. Fudge may refile a motion for default judgment once he has obtained a Clerk's entry of default in accordance with Fed. R. Civ. P. 55(a).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE