# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BRADLEY CLYDE FUDGE,

    Plaintiff,

v.                                                  No. CV 20-674 JB/CG

ALAN J. BROWN, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on *pro se* Plaintiff Bradley Clyde Fudge's *Motion for Entry of Default* (the "Motion for Clerk's Entry of Default"), (Doc. 27), filed February 25, 2021; his *Notice of Entry of Default*, (Doc. 28), filed February 25, 2021; his *Affidavit in Support of Motion for Entry of Default*, (Doc. 29), filed February 25, 2021; his *Notice of Error*, (Doc. 32), filed March 2, 2021; his *7 Day Notice to Defendants attorney of motion for Default Judgment*, (Doc. 33), filed March 5, 2021; his *SECOND Notification Verification*, (Doc. 35), filed March 12, 2021; his *Motion for Entry of Default Judgment* (the "Second Motion for Default Judgment"), (Doc. 37), filed March 19, 2021; his *Affidavit in Support of Motion for Entry of Default Judgment*, (Doc. 38), filed March 19, 2021; Defendants' *Response to Plaintiff's Motion for Entry of Default Judgment [Doc. 37]* (the "Response"), (Doc. 39), filed March 23, 2021; and Mr. Fudge's *Reply to Defendant's Objection received 25th day of March 2021* (the "Reply"), (Doc. 40), filed April 1, 2021.

This matter was assigned to Chief United States Magistrate Judge Carmen E. Garza on July 9, 2020. (Doc. 3). Thereafter, on July 24, 2020, United States District Judge James O. Browning referred this case to the undersigned to perform legal analysis and recommend an ultimate disposition. (Doc. 8).

After considering the parties' filings, the record, and the relevant law, the Court **RECOMMENDS** that Mr. Fudge's *Motion for Entry of Default*, (Doc. 27), be **GRANTED**, that the Court **SET ASIDE** the entry of default for good cause pursuant to Rule 55(c), and that Mr. Fudge's *Motion for Entry of Default Judgment*, (Doc. 37), be **DENIED**.

**I.      Background**

On July 9, 2020, Mr. Fudge initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 4). The Complaint alleges civil rights violations related to the re-adjudication of his misdemeanor sentence and subsequent incarceration. *See generally id.* On July 16, 2020, this Court granted Mr. Fudge leave to proceed *in forma pauperis* under 28 U.S.C. §1915 and to file an amended complaint, but it declined to order service of the Summons and Complaint at that time. (Doc. 5 at 9). Thereafter, Mr. Fudge filed an Amended Complaint, (Doc. 6), and requested service of the Summons, (Doc. 7); (Doc. 9). On November 30, 2020, the Honorable Judge James O. Browning granted Mr. Fudge's requests for service of the Summons, finding that Mr. Fudge's Amended Complaint stated cognizable claims to survive dismissal under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 12(b)(6). (Doc. 10).

On December 11, 2020, the United States Marshals Service personally served the Summons and Amended Complaint on Defendants. As such, the deadline for Defendants to serve Mr. Fudge with an answer or other responsive pleading was January 4, 2021.[1] *See, e.g.*, (Doc. 11); (Doc. 12); (Doc. 13). Defendants filed an Answer four days late, on January 8, 2021, and indicated in their Certificate of Service that they served Mr. Fudge

---

[1] Fed. R. Civ. P. 12(a)(1)(A)(1) provides that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint."  *See also* Fed. R. Civ. P. 6(a)(1).

via email on that same day. (Doc. 20 at 6). On March 1, 2021, Defendants also served Mr. Fudge via certified mail. (Doc. 31).

On February 1, 2021, Mr. Fudge filed his first *Motion for Default Judgment* requesting a default judgment against Defendants for their failure to timely serve him with the Answer. (Doc. 23). This Court denied the motion as procedurally deficient, but indicated "Mr. Fudge may refile a motion for default judgment once he has obtained a Clerk's entry of default in accordance with Fed. R. Civ. P. 55(a)." (Doc. 36 at 2).

On February 25, 2021, Mr. Fudge filed his Motion for Clerk's Entry of Default, in which he requests that the Clerk of Court enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 27 at 1). He contends that "defendants have failed to appear, plead or otherwise defend." (Doc. 28 at 1). He explains that Defendants were served on December 11, 2020, and that their Answer was thus due on January 4, 2021. (Doc. 29 at 1); *see, e.g.*, (Doc. 11). In addition, he states that he did not agree to email service of the Answer. (Doc. 29 at 2).

On March 19, 2021, Mr. Fudge filed his Second Motion for Default Judgment, again requesting a default judgment against Defendants pursuant to Rule 55(b), in the amount of $4,178,766.00, without having obtained a Clerk's entry of default. (Doc. 37 at 1-2). He indicates that "[n]o answer was served to the plaintiff until 4 March 2021, mailed 1 March 2021." (Doc. 38 at 1). To date, the Clerk of Court has not entered default.

Defendants, in their Response, ask that the Court deny Mr. Fudge's Second Motion for Default Judgment, as he has not yet obtained a Clerk's entry of default as required by Rule 55(a). (Doc. 39 at 1). Defendants also contend that a default judgment is inappropriate under Federal Rule of Civil Procedure 55(b), because Defendants have filed an Answer, and have served Mr. Fudge via both email and United States mail. *Id.* at

3

2. Finally, Defendants request that the Court bar Mr. Fudge from filing any further motions for default judgment. *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 55 sets forth a two-step process for securing a default judgment. First, a party must obtain a Clerk's entry of default. Fed. R. Civ. P. 55(a); *see also Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Such a clerk's default "must [be] enter[ed]" when a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit." Fed. R. Civ. P. 55(a). "[T]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." *Behounek v. Grisham*, 1:20-cv-00405 JCH/LF, 2020 WL 5757798, at *2 (D.N.M. Sept. 28, 2020) *report and recommendation adopted*, 1:20-cv-00405 JCH/LF, 2020 WL 6117810 (D.N.M. Oct. 16, 2020).

Second, once obtaining a Clerk's entry of default, the party may move the Clerk to enter a default judgment if the claim is for a "sum certain," but "in all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2). In considering whether to grant a motion for default judgment, a court should look to whether each party against whom a default judgment is sought has been properly served in accordance with the Federal Rules of Civil Procedure, and subsequently failed to answer, defend, or otherwise appear in the case within the time provided by the Rules. *See* Fed. R. Civ. P. 55. Default judgments are a "harsh sanction" and are not generally used "purely as a penalty for delays in filing or other procedural error." *In re Rains*, 946

F.2d 731, 732 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

However, even when a party has obtained a Clerk's entry of default, the court may set it aside for good cause and, as a result, decline to grant default judgment . Fed. R. Civ. P. 55(c). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Pinson v. Equifax Credit Info. Servs.*, Inc., 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)). The standard for setting aside an entry of default under Rule 55(c) is relatively liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). The Court may consider three main factors in determining whether to set aside a Clerk's entry of default, including "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson*, 316 F. App'x at 750 (quotations and citation omitted).

### III.     Analysis

Here, Defendants were served with the Summons and Amended Complaint on December 11, 2020, and thus Federal Rule of Civil Procedure 12(a)(1)(A)(1) required them to serve a responsive pleading on Mr. Fudge no later than 21 days thereafter. *See, e.g.*, (Doc. 11); (Doc. 12); (Doc. 13). Given the weekend and holiday, the deadline for Defendants to serve Mr. Fudge with an answer or other responsive pleading was January 4, 2021. *See* (Doc. 11 at 2); Fed. R. Civ. P. 6(a)(1). Defendants did not serve a responsive pleading by the deadline, but rather did so via email four days later, on

5

January 8, 2021.[2] (Doc. 20). However, the Clerk of Court did not enter default. Defendants answer was served and filed late, and, as such, it appears that the Court has no discretion to deny a Clerk's entry of default. *See, e.g.*, *Behounek*, 2020 WL 5757798, at *3. Therefore, Mr. Fudge is entitled to an entry of default under Rule 55(a). *See* Fed. R. Civ. P. 55(a) (mandating entry of default when defendants have "failed to plead or otherwise defend, and that failure is shown by affidavit"); *see also, e.g.*, *Behounek*, 2020 WL 5757798, at *3.

The Court was presented with a similarly unusual procedural posture in *Behounek v. Grisham*, 1:20-cv-00405 JCH/LF, 2020 WL 5757798, at *2 (D.N.M. Sept. 28, 2020) *report and recommendation adopted*, 1:20-cv-00405 JCH/LF, 2020 WL 6117810 (D.N.M. Oct. 16, 2020). There, the *pro se* plaintiff moved for an entry of default, which the Clerk of the Court did not grant, and for default judgment. The Court granted a Clerk's entry of default, as Rule 55(a) requires, but then immediately set it aside for good cause. *Id.*, at *2. Consequently, in the absence of a Clerk's entry of default, the Court denied the plaintiff's motion for default judgment. *Id.* Given the similar circumstances here, this Court will follow *Behounek v. Grisham*.

As explained above, the Court may set aside a Clerk's entry of default pursuant to Rule 55(c) for good cause. Defendants' Response does not explicitly request the Court set aside the Clerk's entry of default since, as in *Behounek v. Grisham*, no default had yet been entered at the time of filing. *See* (Doc. 39). The Court will nevertheless treat Defendants' Response as a request to set aside the Clerk's entry of default, given the

---

[2] Although Mr. Fudge contends he did not consent to email service and thus Defendants did not properly serve him until March 1, 2021, in an email dated January 8, 2021, Mr. Fudge stated, "[a]ny communication you wish to do with me can be done via email, or USPS mail," which Defendants reasonably interpreted as consent to electronic mail service. (Doc. 29 at 2); (Doc. 26 at 1, 6).

unusual posture of this case. *See, e.g.*, *Behounek*, 2020 WL 5757798, at *3 (treating the defendant's response as a request to set aside the entry of default under similar circumstances).

The Court may consider three main factors in determining whether to set aside a Clerk's entry of default, including (1) whether the default was willful, (2) whether the party who has defaulted presents a meritorious defense, and (3) whether setting aside the Clerk's entry of default would prejudice the adversary. *Pinson*, 316 F. App'x at 750.

As to the first factor, there is no indication that Defendants willfully defaulted. Defendants filed their Answer on January 8, 2021, four days after the deadline, stating that they had served Mr. Fudge by email that same day. (Doc. 20). They also served Mr. Fudge by email that same day, which the Court finds was proper despite Mr. Fudge's contention otherwise. *See supra*, at 6, n.2; *see also* (Doc. 26 at 1, 6). While Defendants do not explain how the delay occurred, the Court does not find that this four-day delay constitutes a willful default. *See, e.g., Noland v. City of Albuquerque*, 8-cv-056 JB/LFG, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009) (denying motion for default judgment where defendant filed an answer *seven months* late). Here, as in *Behounek v. Grisham,* "defendants' short delay in filing an answer . . . is insufficient to show that defendants are essentially unresponsive or that they willfully defaulted." *Behounek*, 2020 WL 5757798, at *4 (quotations omitted).

As to the second factor, Defendants have raised several defenses in their Answer. In particular, Defendants largely deny Mr. Fudge's claims, and assert affirmative defenses including qualified immunity, failure to state a claim, failure to exhaust administrative remedies, and failure to mitigate damages. (Doc. 20 at 4). These defenses appear meritorious. *See Watkins*, 551 F. App'x at 958 (stating that qualified immunity can

be a "meritorious defense" for purposes of a motion seeking to set aside an entry of default); *Calderon v. Herrera*, 2:11-cv-482 WJ/GBW, 2012 WL 13013070, at *5 (D.N.M. May 11, 2012) ("[i]t does not take much to establish the existence of a meritorious defense sufficient to set aside a default—only the alleging of sufficient facts that, if true, would constitute a defense.").

As to the third factor, Mr. Fudge has failed to show that prejudice would result from setting aside the Clerks' entry of default. In general, "delay alone is not a sufficient basis for establishing prejudice." *Behounek*, 2020 WL 5757798, at *5 (citation and quotations omitted). Mr. Fudge would have needed to show, for instance, that the delay would "result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id*. Mr. Fudge has alleged no prejudice that would result from a delay in this case. Moreover, Defendants' four-day delay in serving its Answer on Mr. Fudge was *de minimis*.

Therefore, given the foregoing as well as the strong preference for courts to resolve cases on their merits rather than by procedural default, the undersigned will recommend setting aside the Clerk's entry of default. Additionally, because "[e]ntry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment," the undersigned will recommend Mr. Fudge's Second Motion for Default Judgment be denied under Federal Rule of Civil Procedure 55(a). *Watkins*, 551 F. App'x at 958.

Finally, the Court will address Defendants' request that the Court bar Mr. Fudge from filing additional motions for default judgment. Indeed, the Court previously instructed Mr. Fudge that he may refile a motion for default judgment only after obtaining a Clerk's entry of default in accordance with Rule 55(a). (Doc. 36 at 2). Further, it is true that "[t]he

right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass's*, 469 F.3d 1340, 1343 (10th Cir. 2006). However, it does not appear to the Court that Mr. Fudge intended to flout the Court's Order. Rather, it appears that Mr. Fudge, who is currently proceeding without the benefit of an attorney, may not have received the Court's Order denying his First Motion for Default Judgment before filing his Second Motion for Default Judgment. *See* (Doc. 36); (Doc. 37). After all, only three days passed between these two events, suggesting the Order and his Second Motion may have crossed in the mail. Thus, the Court will decline to impose filing restrictions.

### IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Mr. Fudge's *Motion for Entry of Default*, (Doc. 27), be **GRANTED**, that the Court **SET ASIDE** the entry of default for good cause pursuant to Fed. R. Civ. P. 55(c), and that Mr. Fudge's *Motion for Entry of Default Judgment*, (Doc. 37), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE