IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRADLEY CLYDE FUDGE,

    Plaintiff,

v.                                                                                                  No. CV 20-674 DHU/CG

ALAN J. BROWN, et al.,

    Defendants.

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff Bradley Clyde Fudge's *Request for New Counsel* (the "Motion"), (Doc. 49), filed December 30, 2021. In the Motion, Mr. Fudge asks the Court to appoint him an attorney, because he "ha[s] no confidence" in the attorney previously requested by the Court. *Id.* at 1. In particular, Mr. Fudge complains that the attorney's "Contract for Legal Services" would deprive Mr. Fudge of "any ability to have any input in [his] case," and that he would "be subject to piece meal erosion of any settlement or judgment[.]" *Id.*; *see also id.* at 5-10. For the reasons discussed below, the Court finds Mr. Fudge's Motion should be **DENIED**.

There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The Court previously requested assistance of counsel for Mr. Fudge, after reviewing the merits of his claims, and an attorney conferred with Mr. Fudge about the possibility of representation. However, as Mr. Fudge indicates in his Motion, that representation never materialized. The issues raised in this case are relatively simple, and Mr. Fudge appears to understand them and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Additionally, the Court has no ability to appoint counsel. Accordingly, the Court will deny the Motion.

**IT IS THEREFORE ORDERED** that Mr. Fudge's *Request for New Counsel*, (Doc. 49), is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE